UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOSTOFA KHELGHATDOOST, § § Petitioner, § § v. § § JUD MURDOCK, Houston Field Office § Director, U.S. Customs and Border § Protection and ALEJANDRO § MAYORKAS, Secretary of Department § of Homeland Security, § § Respondents. § | CIVIL ACTION NO. 3:23-CV-0079-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mostofa Khelghatdoost's Motion for Temporary Restraining Order (Doc. 2).

### I.

### BACKGROUND

On January 11, 2023, Khelghatdoost filed a Petition for Habeas Corpus (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2) to enjoin Customs and Border Protection ("CBP") from removing him to Iran. Khelghatdoost contends that he has been admitted to the University of North Texas and was issued an F-1 visa. *Id.* After arriving at Dallas Fort Worth International Airport on January 10, 2023, Khelghatdoost was not admitted and is pending removal to Iran. *Id.* at 3.

## II.

## LEGAL STANDARD

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citation omitted). To obtain a Temporary Restraining Order ("TRO"), a plaintiff must show: (1) "a substantial likelihood of success on the merits"; (2) "a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law"; (3) "that greater injury will result from denying the temporary restraining order than from its being granted"; and (4) "that a temporary restraining order will not disserve the public interest." *Dearmore v. City of Garland*, 2005 WL 1630156, at *1 (N.D. Tex. June 28, 2005) (citing, *inter alia*, *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)).

## III.

## ANALYSIS

The Court acknowledges the rushed and emergency nature of this TRO, as counsel has called chambers and indicated that petitioner's removal from the United States is imminent. But emergency circumstances cannot overcome both the jurisdictional limitations of the Court and the legal requirements for obtaining a TRO. "As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit." *Sawyer v. Wright*, 471 F. App'x 260, 260 (5th Cir. 2012) (per curiam). Moreover, "[t]he party seeking relief bears the burden of establishing subject-matter jurisdiction." *Id.* (citing *United States v. Hays*, 515 U.S. 737, 743 (1995)).

Based on the limited facts provided in the Petition and Motion for Temporary Restraining Order, the Court presumes Khelghatdoost was issued an order of expedited removal under 8

U.S.C. § 1225(b)(1). *See* Doc. 1, Pet., 3 ("CBP officers refuse to provide any information about the Petitioner. We think there are no grounds to issue an order for removal under 8 U.S.C. § 1225.").

Under 8 U.S.C. § 1252(a)(5), the appropriate court of appeals is "the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." And subsection (e) outlines the scope of judicial review allowed for expedited removal orders, which is presumably the type of order at issue here. *See* § 1252(e). Section 1252(e) reads, in relevant part:

> (2) Habeas corpus proceedings. Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> (A) whether the petitioner is an alien,
> (B) whether the petitioner was ordered removed under such section, and
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2).

The Court finds that § 1252(e)(2) denies the Court jurisdiction over Khelghatdoost's claims. The Fifth Circuit in *Brumme v. I.N.S.* concluded that "the language of § 1252(e)(2) clearly operates, at the very least, to *limit* the scope of review in a habeas proceeding involving determinations made under § 1225(b)(1)." 275 F.3d 443, 448 (5th Cir. 2001). "[T]he statute *could not be much clearer* in its intent to restrict habeas review." *Id.* (quoting *Li v. Eddy*, 259 F.3d 1132, 1134–35 (9th Cir. 2001)) (emphasis in original).

Thus, this Court's jurisdiction over expedited removal orders is limited; if Khelghatdoost "does not raise one of the grounds for review permitted by § 1252(e)(2), the Court has no

jurisdiction to consider his claims." *See Shah v. Dir., Jackson Par. Corr. Ctr.*, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Khelghatdoost's claim appears to be premised on the fact that he "was issued an F-1 visa" to study at the University of North Texas for a Ph.D. in Mechanical Engineering and is therefore being improperly removed. Doc. 1, Pet., ¶¶ 8–9. Khelghatdoost's claim, therefore, does not fall within the limited jurisdiction afforded this Court on habeas corpus petitions. Specifically, Khelghatdoost has not alleged that he has been lawfully admitted for permanent residence or has otherwise been granted refugee or asylee status. *See id.* ¶ 9 ("Petitioner was issued an F-1 visa[.]"); § 1252(e)(2).

Accordingly, because the Court concludes that it does not have jurisdiction over Khelghatdoost's claims or requested relief under 8 U.S.C. § 1252(e)(2), the Court **DENIES** Khelghatdoost's Motion for TRO.

Additionally, even assuming the Court had jurisdiction over Khelghatdoost's claims, Khelghatdoost has not provided an adequate basis for a TRO. A TRO is an extraordinary and drastic remedy, and Khelghatdoost must meet his burden of satisfying the four elements—emergency or otherwise. *See Anderson*, 556 F.3d at 360.

## IV.

## CONCLUSION

In sum, the Court concludes that it does not have jurisdiction to hear Khelghatdoost's Motion for Temporary Restraining Order and, in any event, Khelghatdoost has not met his burden for a TRO. Thus, the Court **DENIES** Khelghatdoost's Motion (Doc. 3).

-5-

SO ORDERED.

SIGNED: January 11, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE